<u>NOT FOR PUBLICATION</u>
### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kevin Eason,        Plaintiff,  v.  United States of America,        Defendant. | Civ. No. 13-4861 (RBK)  OPINION |

**KUGLER, U.S.D.J.**

Petitioner, Kevin Eason, a federal prisoner, filed this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Respondent United States of America opposes the petition. (ECF No. 5.) The Court issues the Opinion below based only on the parties' written submissions.

### I. BACKGROUND[1]

**1. Facts**

On October 2, 2009, at 2:00 a.m., Camden, New Jersey police officers spotted two men on a street corner. One of the men, who was later identified as Eason, was on a bicycle wearing a black winter vest with his right hand in his pocket. The other man, later identified as J.P., was facing Eason with both of his hands in the air. Believing that an armed robbery was in progress, the officers drew their weapons and approached the men. J.P. told the officers that Eason had a gun in his pocket and tried to take his money. After ordering Eason to place his hands on his

---

[1] Background is taken from the Third Circuit's opinion on direct appeal, *U.S. v. Eason*, 509 F. App'x 180, 181-82 (3d Cir. 2013).

1

head, the officers took Eason to the ground. In response to the officers' questions, Eason admitted that he had a gun, which the officers then removed. Further investigation revealed that Eason was prohibited from possessing a firearm because he had been convicted of multiple felonies.

**2. Procedural History**

On November 24, 2010, pursuant to a written plea agreement, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The plea agreement contained one factual stipulation: that the "offense involved a loaded firearm with an obliterated serial number."  On March 14, 2011, the United States Probation Office finalized the presentence investigation report ("PSR") with no objections from the parties. The PSR included a calculated guideline range of 110 to 120 months' imprisonment based on Petitioner's total offense level and criminal history category.

On April 11, 2011, Petitioner moved to withdraw his guilty plea. After supplemental briefing, in which Petitioner argued that plea counsel's ineffective assistance warranted the withdrawal of his guilty plea, the District Court held a hearing on Petitioner's motion. On June 20, 2011, the District Court entered an order denying Petitioner's motion to withdraw his guilty plea "for the reasons expressed on record" at the motions hearing on June 15, 2011. The District Court then sentenced Petitioner to 115 months' imprisonment. Petitioner then appealed to the Third Circuit, arguing that his counsel during plea negotiations had rendered ineffective assistance, thus leading to his guilty plea. The Third Circuit found this argument meritless and affirmed Petitioner's conviction and sentence on January 10, 2013. On August 12, 2013, Petitioner filed the instant petition for habeas relief.

## II.  CLAIMS

Petitioner raises the following two issues[2] for Section 2255 review.  His claims are stated as follows:

1. Ineffective assistance of trial counsel for failing to properly investigate the pertinent "arrest, witnesses, and activities[.]"

2. Ineffective assistance of trial counsel for falsely promising a sentence reduction if Petitioner agreed to plead guilty.

(ECF No. 1 at 5.)

## III.  DISCUSSION

### 1. Standards Governing Petitioner's Claims

Section 2255 of Title 28, United States Code, provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating an ineffective assistance of counsel claim. First, the petitioner must show that, considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id*. at 688; *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). This means that Petitioner must identify acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Second, Petitioner must

---

[2] Petitioner's § 2255 petition lists both claims as "Ground One." (ECF No. 1 at 5.) The Court separates them for readability and ease of understanding.

affirmatively show prejudice, which is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Additionally, the Third Circuit has "reasoned that 'there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" *U.S. v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014) (citing *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)). *Strickland* applies with equal force to pre-trial proceedings and negotiations as it does to conduct during trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

**2. Petitioner's Claims**

   A. Ineffective Assistance – Motion to Suppress

 Petitioner first asks the Court to find that his trial counsel was constitutionally ineffective for failing to file a motion to suppress and to issue a number of objections. (ECF No. 1 at 5.) This claim, however, was already heard and denied by the Third Circuit on Petitioner's motion to withdraw his guilty plea. *See U.S. v. Eason*, 509 F. App'x 180 (3d Cir. 2013). According to Third Circuit law, a petitioner cannot use 28 U.S.C. § 2255 to relitigate an issue already litigated on direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir.1993) ("Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal"); *Sonneberg v. United States*, No. 01-2067, 2003 WL 1798982, at *3 (3d Cir. Jan. 14, 2003) ("It is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition"); *Nunez v. United States*, No. 07-1193 (FLW), 2008 WL 2705016, at *6 (D.N.J. July 8, 2008) (same).

 Here, Petitioner argued on direct appeal that he should be allowed to withdraw his guilty plea because his counsel had been ineffective for, among other things, failing to file a motion to

suppress and failing to issue numerous objections. *See Eason*, 509 F. App'x at 182-83. The Third Circuit rejected these claims, finding that Petitioner did not suffer any prejudice from any of counsel's alleged failures. *Id*. The Third Circuit wrote that the District Court had "properly rejected [Petitioner's] arguments" concerning his counsel's alleged infectiveness and affirmed the district court's denial of Petitioner's motion to withdraw his guilty plea. *Id*. Petitioner cannot now use his § 2255 motion to relitigate this claim. *DeRewal*, 10 F.3d at 105 n4. As such, habeas relief on this ground is denied.

B. Ineffective Assistance- Promise of a Reduced Sentence

Petitioner next asks the Court to grant him an evidentiary hearing on the question of whether his trial counsel promised him a certain sentence in exchange for his plea, thus mandating the Court allow Petitioner to withdraw said plea. (ECF No. 1 at 12-13.)

Generally, a challenge to a plea given pursuant to a Rule 11 hearing entitles a petitioner to an evidentiary hearing only in the most extraordinary circumstances. *Nwachia v. United States*, 891 F. Supp. 189, 195 (D.N.J. 1995), *aff'd*, 77 F.3d 463 (3d Cir. 1996) (citing *Blackledge v. Allison*, 431 U.S. 63, 80 n.19 (1977)). Additionally, in order to warrant an evidentiary hearing on such a charge, a petitioner must advance "specific and credible allegations" detailing such extraordinary circumstances. *Zilch v. Reid*, 36 F.3d 317, 321 (3d Cir. 1994). Bald assertions and conclusory allegations will not do. *See Mayberry v. Petsock*, 821 F.2d 179, 185-86 (3d Cir. 1987).

In *Nwachia*, the district court held that an affidavit signed by defendant's counsel but later disavowed, showing that an unwritten agreement to drop the charges against the defendant was reached, was not such an extraordinary circumstance. Petitioner here presents nothing so specific and must attempt to make such a showing in the face of a thorough and searching plea

colloquy. To wit, "[a] petitioner faces a virtually insurmountable barrier when confronted by a thorough Rule 11 colloquy[.]" *Nwachia,* 891 F. Supp. at 194.

Here, Petitioner urges the Court to accept that Petitioner's trial counsel, Federal Defender Christopher O'Malley, told Petitioner that he "struck a deal which would reduce any prison time by two years." (ECF No. 1 at 16.) This "deal" then failed to materialize and Petitioner plead guilty nevertheless. The following exchange took place at the plea colloquy:

> Q. **Has anyone made any promises or assurances of any kind** to get you to plead guilty, other than those that are in the plea agreement?
> A. **No**.
> Q. Are you pleading guilty of your own free will because you are guilty?
> A. Yes.
>
> …
>
> Q. And your sentence will be determined by a combination of advisory Sentencing Guidelines possible authorized departure from those guidelines and other statutory sentencing factors. Now, have you and your lawyer talked about these advisory Sentencing Guidelines that might apply to your case?
> A. Yes.
> Q. And do you understand that the court will not be able to determine the advisory guideline range for your case until after the presentence report has been complete and you and the Government have had an opportunity to challenge the reported facts, the application of the Guidelines recommended by the Probation Officer and that **the sentence ultimately imposed may be different from any estimate your attorney may have given you**? Do you understand that?
> A. Yes.

(ECF No. 5-1 at 112-15) (emphasis added). Petitioner was ultimately sentenced to 115 months imprisonment, 5 months less than the maximum allowable penalty of 120 months imprisonment. (ECF No. 1 at 1.) Petitioner vaguely claims that his trial counsel promised a two-year reduction in any prison time in exchange for his guilty plea, supported by no specifics or evidence. Indeed, Petitioner's claims are not just "bald assertions" but wholly contradicted by his sworn statements during the plea colloquy. *Mayberry*, 821 F.2d at 185. Accordingly, Petitioner's previously sworn

statements in court, and particularly those given during his plea colloquy, pose a "formidable barrier" to the success of his claim, *Blackledge*, 431 U.S. at 74, because "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*; *see Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir. 1991) (defendant seeking to challenge voluntariness of plea "faces a heavy burden" in light of plea hearing); *Nickens v. U.S.*, No. 09-4278 (PGS), 2011 WL 4056287, at *3 (D.N.J. Sep. 12, 2011) (denying an evidentiary hearing on similar facts when counsel allegedly promised a prison term of 60-months). Therefore, because Petitioner offers only a conclusory allegation unsupported by "specifics" and wholly contradicted by the record, an evidentiary hearing and habeas relief are both denied on this ground.

## IV. CONCLUSION

Because Petitioner's ineffective assistance of trial counsel claim was already heard and denied by the Third Circuit, he is precluded from relitigating it here. Thus, habeas relief on Petitioner's first ground is denied. Additionally, because Petitioner failed to make such a showing as to overcome the presumption of verity in his plea colloquy, both an evidentiary hearing and habeas relief are denied on Petitioner's second ground.

## V. CERTIFICATE OF APPEALABILITY IS DENIED

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not demonstrated that "jurists of reason could disagree with the [Court's] resolution of his constitutional claims," therefore the Court will not issue a certification of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

                                                    s/Robert B. Kugler  
                                                    ROBERT B. KUGLER  
                                                    United States District Judge

Date:    August 2, 2016